(Surrogate's Court, New York County. December, 1903.)

1. ADMINISTRATRIX—ACCOUNTING—ATTORNEY'S FEES.

Where an administratrix was one of the next of kin, and entitled to a certain share in the estate, on her accounting she should be allowed a reasonable sum paid an attorney for services in discovering a deposit in a savings bank to the credit of the decedent, which had remained unknown for 43 years, and for his services in the appointment of an administratrix; but she was entitled to nothing for expenses of a litigation had by her with the attorney as to the amount of his fees, which litigation arose out of a contract entered into by her with the attorney before she was appointed administratrix.

In the matter of the estate of Ellen Pond, formerly Ellen Maria Clune, deceased. Application to confirm report of referee on accounting by an administrator. Confirmed in part.

Gantz, Neier & McKennell, for contestant.

Francis A. McCloskey, for administratrix.

THOMAS, S. The decedent died intestate on or about May 6, 1857. She left, her surviving, a daughter, Anna, who married for her first husband one Pieris, and by him had a daughter, Adele Tillotson Pieris. Mr. Pieris died. His widow married Matthew Vucassovich, and she died April 8, 1894, leaving her second husband and her daughter, her surviving. The persons interested in the personal estate of the decedent are, therefore, Adele Tillotson Pieris, her granddaughter, entitled to two-thirds thereof, and Matthew Vucassovich, the surviving husband of her daughter, entitled to one-third thereof. Letters of administration on the estate of the decedent were issued September 24, 1901, to Adele Tillotson Pieris, and she is now accounting. The questions now presented arise on an application to confirm the report of a referee.

The decedent left moneys on deposit with the Bank for Savings in this city, on an account opened by her in her maiden name, which, with interest, amounted in the fall of 1900 to the sum of $3,503.98; but this fact, for all of the 43 years since her death, remained entirely unknown to the persons entitled to her estate. At about this date an advertisement calling for information of Ellen M. Clune, or her heirs, was brought to the notice of one George M. Clune, an attorney distantly related to the decedent, and he made inquiries which led him to discover that the present administratrix was the only living descendant of the decedent. He called upon her, and procured her to execute a paper as follows:

"I hereby authorize and empower George Wm. Clune as my attorney to demand, receive or collect in my stead and for me any money or moneys

credited to or coming to Ellen Maria Clune or to which said Ellen Maria Clune was entitled to, or her heirs are now entitled to, and to obtain the same for me as heir of said Ellen Maria Clune, and I agree to pay him for collecting same, one-third (⅓) of the amount recovered or received. All expenses of any kind whatsoever are to be paid from the one-third received by the said George Wm. Clune, my attorney. December 11, 1900.

"[Signed]                                        Adele T. Pieris."

Mr. Clune thereupon prepared a petition for letters of administration, which was executed by Miss Pieris, upon which a decree was made by a surrogate of this court. The fact of the deposit in the Bank for Savings was then disclosed to Miss Pieris. When she learned it, she was displeased at the large sum she would be required to pay under her contract, and she commenced a proceeding in the Supreme Court for relief from it. She succeeded in procuring an adjudication fixing the claim of Mr. Clume at $300, which was sustained on appeal to the Appellate Division (81 N. Y. Supp. 927), and was thereafter affirmed by the Court of Appeals (68 N. E. 1123). This $300 and the expenses of her litigation with Mr. Clune are included in the account of the administratrix, and have been allowed by the referee, overruling the objections thereto filed by her stepfather. The exceptions to these rulings must now be passed upon.

The contract of Miss Pieris was her own individual covenant to pay out of her own estate for services to be rendered to her. At the time when it was made, she seems to have supposed that she was entitled to the whole of any asset of her grandmother's estate, and she then had no authority to act for any one else. If her right for reimbursement rested only on this contract, she could not be allowed anything. She occupies the ordinary position of any executor or administrator who has incurred expenses claimed to be necessary for the due administration of the estate, and she is entitled to be allowed for them, so far as they are just and reasonable. Code Civ. Proc. § 2730. The controlling considerations are the necessity of the expenditures for the use of the estate, and the reasonableness of their amount. The services of Mr. Clune in discovering a substantial asset which had been unknown to the parties for nearly half a century, and making it known to the person having the prior right to administer, and then preparing the petition for letters, and obtaining a decree directing that letters should issue upon the giving of a bond, were necessary for the due administration of the estate, and were highly beneficial to every person interested in it. The evidence requires a finding that a reasonable charge for these services was $300, and that item must therefore be allowed.

The expenses incurred by Miss Pieris in her litigation with Mr. Clune were all made in her effort to be relieved from an improvident personal contract of her own, which never bound any one but herself, and no part of them can be allowed against the estate.

The charge of $100 for services rendered by Mr. McCloskey, the present counsel for the administratrix, cannot be allowed in full, because services are included which should have been performed by the administratrix personally, who is compensated for them by her commissions. Fifty dollars will be allowed on this item.

The referee's finding of fact No. 11 is reversed, in so far as he finds

that any of the disbursements therein recited, except $25 for premium on undertaking, and $50 of the sum paid to Mr. McCloskey as attorney, were made for the benefit and in the protection of the decedent's estate, and such items are disallowed. The further finding, No. 13, to the effect that moneys paid to Mr. McCloskey in excess of $50 were for services rendered to the estate, is also reversed. In other respects the report is confirmed.

The administratrix will be allowed costs and disbursements of the proceeding, other than for preparation of the account, which have already been paid for, and are included in the allowance made to her. No costs of the contest, other than for disbursements, will be allowed to either party.

Decreed accordingly.